| CIVIL ACTION COVER SHEET *BRISTOL COUNTY USE ONLY* | DOCKET NUMBER | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| PLAINTIFF(S): COLLEEN A. MAKUCH | | COUNTY Bristol |
| ADDRESS: 907 Peckham Road, New Bedford, MA 02745 | | |
| | DEFENDANT(S): PEPSICO, INC. | |
| ATTORNEY: Edward W. Pietnik, Jr., Esq. | | |
| ADDRESS: 180 Paramount Drive, Suite 3, Raynham, MA 02767 | ADDRESS: 700 Anderson Hill Road, Purchase, NY 10577 | |
| BBO: 550523 | | |

### TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| A99 | Wrongful Termination/Empl. Discrimination | F | [X] YES  [ ] NO |

*If "Other" please describe:

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

#### TORT CLAIMS
(attach additional sheets as necessary)

A. Documented medical expenses to date:
  1. Total hospital expenses ................................................. $ _____
  2. Total doctor expenses ................................................... $ _____
  3. Total chiropractic expenses ............................................ $ _____
  4. Total physical therapy expenses ...................................... $ _____
  5. Total other expenses (describe below) ............................. $ _____
       Subtotal (A): $ _____
B. Documented lost wages and compensation to date ................ $ 60,000.00
C. Documented property damages to dated ............................... $ _____
D. Reasonably anticipated future medical and hospital expenses .. $ _____
E. Reasonably anticipated lost wages .................................... $ 100,000.00+
F. Other documented items of damages (describe below) .......... $ _____
Emotional Distress

G. Briefly describe plaintiff's injury, including the nature and extent of injury:
Wrongful Termination, Lost Wages and Benefits, Past and Future to be calculated, Hostile Work Environment, Intentional Infliction of Emotional Distress
       TOTAL (A-F):$ 160,000.00
       Approximately:

#### CONTRACT CLAIMS
(attach additional sheets as necessary)

Provide a detailed description of claims(s):
Wrongful Termination, Employment Discrimination, Intentional Infliction of Emotional Distress       TOTAL: $ _____

Signature of Attorney/Pro Se Plaintiff: X _Edward W. Pietnik Jr._   Date: 8/22/14

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

### CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record: X _Edward W. Pietnik Jr._   Date: 8/22/14

COMMONWEALTH OF MASSACHUSETTS

BRISTOL, SS

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION NO.:

COLLEEN A. MAKUCH,
*Plaintiff,*

v.

PEPSICO, INC.
*Defendant.*

## COMPLAINT AND DEMAND FOR JURY TRIAL

### Introduction

1. This is an action for wrongful termination and unlawful age and gender discrimination against the Plaintiff' former employer when the Plaintiff was *inter alia* terminated from her position upon her return from company-approved short-term disability as she recovered from thyroid surgery and complications thereof.

### Parties

2. The Plaintiff Colleen A. Makuch is an individual who at all times material herein resided at 907 Peckham Road, Bristol County, Commonwealth of Mssachusetts.

3. The Defendant PepsicCo, Inc. is a foreign corporation with a principal office locatred at 700 Anderson Hill Road, Purchase, New York.

4.  Tropicana and/or Tropican Products, Inc. is a subsidiary of PepsiCo, Inc. with an office/warehouse located at 305 Constitution Drive, Taunton, Bristol County, Commonwealth of Massachusetts.

## JURISDICTION

5.  The Court has jurisdiction over the Defendants pursuant to M.G.L. c. 212, §4.

6.  Venue is proper in Bristol County pursuant to M.G.L. 223, §1 as PepsiCo, Inc. and by/through Tropicana Products, Inc. is located in and conducts business in Bristol County, Commonwealth of Massachusetts.

## FACTUAL ALLEGATIONS

7.  The Plaintiff Colleen Makuch ("Mrs. Makuch) is currently fifty-one (51) years old.

8.  Mrs. Makuch has worked for PepsiCo, Inc. (PepsiCo") and/or its subsidiary, Tropicana, since 2003, where she first worked as a temporary hire and then as a full-time employee in and around March 2004.

9.  At the time of her separation from the company, Mrs. Makuch worked as the Zone Operations Administrator (ZOA) for the warehouse located at 305 Constitution Drive Taunton, MA.

10. At the time of her separation from the company, Mrs. Makuch was the only woman working in the warehouse.

11. Mrs. Makuch was blocked from advancing her position at PepsiCo on account of her gender.

12. The male employees and Mrs. Makuch's manager, Emilio Aceto, told Mrs. Makuch that a woman could not be their supervisor in the warehouse.

13. Furthermore, Mrs. Makuch requested to be trained on certain warehouse equipment so that she could assist in loading trucks and receiving product, but her manager, Mr. Aceto, would "laugh" and tell her that he was not going to train her.

14. When the only other woman in the warehouse left her position, Mrs. Makuch was moved out of the warehouse and placed in the reception area and disconnected from the day-to-day operations of the warehouse. This was an example of further efforts to hinder Mrs. Makuch's advancement in the company.

15. During this same time, Mrs. Makuch's manager started to talk to the other employees in the warehouse about the lead position in the warehouse. However, Mrs. Makuch was relegated to the reception area where she had to perform her job, as well as to now answer the phones and perform other clerical work for the sales team.

16. Again, Mrs. Makuch was displaced from any attempts to advance in her employment.

17. Mrs. Makuch was fully able and qualified to complete the duties and obligations of her position.

18. In fact, in her manager's (i.e., Mr. Aceto's) absence, Mrs. Makuch ran the operations end of the warehouse business. Also, after Pepsico acquired Naked Juice from California, Mrs. Makusch trained the employees from Naked Juice in the Pepsico system and business.

### Surgery and Recovery

19. In and around November, 2012, Mrs. Makuch underwent a partial thyroidectomy.

20. Mrs. Makuch left for surgery on November 19, 2012 and returned from PepsiCo, Inc./company approved short-term disability on January 2, 2013 due to complications from the surgery.

21. However, during Mrs. Machuch's recovery, her manager, Mr. Aceto, called her numerous times and harassed her about returning to work.

22. During these telephone calls Mr. Aceto made comments such as:

> "What's going on with you?"
> "It is not like you had a baby?"
> "You should already be back."

23. During her short-term disability, Mr. Aceto commented that he did not understand why Mrs. Makuch was not back to work and asked her to work part-time because there were certain tasks that he did not know how to do (although they were both trained to complete these tasks in June 2012).

24. During her short-term disability, Mr. Aceto continually called Mrs. Makuch every week and questioned her about when she was returning to work.

25. Mr. Aceto indicated that he needed to take his vacation and Mrs. Makuch needed to come back to work so he could take it before the end of the year (2012).

26. Mr. Aceto made Mrs. Makuch's recovery from her surgery pointlessly and wrongfully stressful by harassing her during her recovery and pressuring her to return to work, after major surgery, when she was not medically cleared to do so.

27. When Mrs. Makuch returned to work, from short-term disability, on January 2, 2013, Human Resources informed her that she had four (4) remaining vacation days from 2012 which she had to use before the third (3rd) week in January or be lost. Mrs. Makuch took the

remaining vacation days. However, Mr. Aceto tried to get her to give up the remaining four (4) vacation days.

28. Mr. Aceto harassed Mrs. Makuch during her recovery and harassed her upon her return to work creating a hostile environment.

29. Upon information and belief, while Mrs. Makuch was out on short-term disability, a new employee by the name of Matthew Roche was trained for her position. Matthew Roche is approximately twenty-seven (27) years old. Moreover, when Mrs. Makuch returned from short-term disability, Mr. Aceto told her to teach Matthew Roche everything about her position and to train him "quickly." Consequently, Mrs. Makuch became worried about her job. Her manager assured her that nothing was going to happen to her or her job, but that she was training Matthew Roche for purposes of coverage when other employees were out.

30. However, on February 26, 2013, Mrs. Makuch was terminated from Pepsico, Inc.

31. In the short time between her return from thyroid cancer surgery and her termination, Mrs. Makuch was asked to train a man, almost half-her age, who ultimately took the job of the last remaining woman at the warehouse, i.e., Mrs. Makuch.

32. In light of the above, it is clear that Pepsico, Inc. unlawfully discriminated against Mrs. Makuch on the basis of her age and gender in violation of M.G.L. ch. 151B, §4, *et seq.* when she was terminated from her position at the company and replaced by a man almost half her age, who she was required to train, immediately upon her return from company-sanctioned short-term disability while she recovered from thyroid cancer surgery.

## COUNT I
### (Discrimination Based on Age In Violation of M.G.L. ch. 151B, §1(8), 4)

33. The Plaintiff realleges and reasserts paragraphs 1 through 32 of this Complaint, which are incorporated herein by reference.

34. The Plaintiff is currently fifty-one (51) years old.

35. After Plaintiff was hired by the Defendant employer, Plaintiff undertook and continued employment, and duly performed all of the conditions of her employment.

36. The Plaintiff performed all of the conditions of her employment until prevented from doing so by Defendant's wrongful discharge of Plaintiff.

37. At the time of Plaintiff's termination, she was able to perform all of the conditions of her employment. However, the Plaintiff was replaced by a male employee who was five (5) or more years younger than her (i.e., Matthew Roche is approximately 28-30 years old).

38. Mrs. Makuch was blocked from advancing her position at PepsiCo on account of her age.

38. The Defendant's conduct above constitutes discrimination based on age discrimination and the reasons for Defendant's conduct were pretextual to hide the Defendant's discriminatory animus.

## COUNT II
### (Discrimination Based on Gender In Violation of M.G.L. ch. 151B, §1(8), 4)

39. The Plaintiff realleges and reasserts paragraphs 1 through 38 of this Complaint, which are incorporated herein by reference.

40. The Plaintiff is currently a fifty-one (51) years old female.

41. After Plaintiff was hired by the Defendant employer, Plaintiff undertook and continued employment, and duly performed all of the conditions of her employment.

42. At the time of her separation from the company, Mrs. Makuch was the only woman working in the warehouse.

43. Mrs. Makuch was blocked from advancing her position at PepsiCo on account of her gender.

44. The male employees and her manager, Emilio Aceto, told Mrs. Makuch that a woman could not be their supervisor in the warehouse.

45. The Plaintiff performed all of the conditions of her employment until prevented from doing so by Defendant's wrongful discharge of Plaintiff.

46. At the time of Plaintiff's termination, she was able to perform all of the conditions of her employment. However, the Plaintiff was replaced by a male employee who was five (5) or more years younger than her (i.e., Matthew Roche is approximately 28-30 years old).

47. The Defendant's conduct above constitutes discrimination based on age discrimination and the reasons for Defendant's conduct were pretextual to hide the Defendant's discriminatory animus.

## COUNT III
### (Harassment/Hostile Work Environment)

48. The Plaintiff realleges and reasserts paragraphs 1 through 47 of this Complaint, which are incorporated herein by reference.

49. While the Plaintiff was out on short-term disability recovering from her surgery for thyroid cancer, her manager, Mr. Aceto continually called her and questioned her about when she was returning to work.

50. Mr. Aceto indicated that he needed to take his vacation and Mrs. Makuch needed to come back to work so he could take it before the end of the year (2012).

51. Mr. Aceto made Mrs. Makuch's recovery from her surgery pointlessly and wrongfully stressful by harassing her during her recovery and pressuring her to return to work, after major surgery, when she was not medically cleared to do so.

52. Upon her return to work, on January 2, 2013, Human Resources informed the Plaintiff that she had four (4) remaining vacation days from 2012 which she had to use before the third (3rd) week in January or be lost. Mrs. Makuch took the remaining vacation days. However, Mr. Aceto tried to get her to give up the remaining four (4) vacation days.

53. Mr. Aceto harassed Mrs. Makuch during her recovery and harassed her upon her return to work creating a hostile environment.

## COUNT IV
### (Wrongful Discharge)

54. The Plaintiff realleges and reasserts paragraphs 1 through 53 of this Complaint, which are incorporated herein by reference.

55. The Defendant wrongfully terminated the Plaintiff from her employment on the basis of her age and gender in violation of M.G.L. ch. 151B, §4, *et seq.* when she was stealthily terminated from her position at the company and replaced by a man almost half her age, who she was required to train, immediately upon her return from company-sanctioned short-term disability while she recovered from thyroid cancer surgery.

56. These acts, which resulted in Plaintiff's wrongful discharge, were against public policy.

## COUNT V
### (Intentional Infliction of Emotional Distress)

57. The Plaintiff realleges and reasserts paragraphs 1 through 53 of this Complaint, which are incorporated herein by reference.

58. The Defendant's conduct *inter alia* of terminating the Plaintiff from her employment upon her return from company-sanctioned short-term disability while she recovered from thyroid cancer surgery and replacing her with a man almost half her age, who she was required to train, was extreme and outrageous.

59. By and through this conduct, the Defendant intended or knew and/or should have known that emotional distress was likely to occur.

60. The Plaintiff suffered severe emotional distress.

61. The Defendant's actions and conduct cause the Plaintiff's distress.

## PRAYERS FOR RELIEF

**WHEREFORE**, the Plaintiff, Colleen A. Makuch, prays this Honorable Court grant the following relief:

1. That the Plaintiff be awarded appropriate injunctive relief designed to ensure that the Defendant discontinue their wrongful practices.

2. That the Plaintiff be awarded compensatory damages in an amount to be determined at trial in this matter, plus statutory interest on any such award.

3. That the Plaintiff be awarded punitive damages in an amount to be determined at trial in this matter.

4. That the Plaintiff be awarded reasonable attorney's fees, together with litigation expenses and costs of the suit.

5. That the Plaintiff be awarded such other relief as the Court deems just and proper.

## JURY TRIAL DEMANDED

Plaintiff demands trial by jury on all claims so triable.

Respectfully submitted,
*The Plaintiff,*
COLLEEN A. MAKUCH,

_____
Edward W. Pietnik, Jr., Esquire
180 Paramount Drive, Suite 3
Raynham, MA  02767
Tel. No. (508) 824-2000
BBO#: 550523
E-mail:  Pietniklaw@tmlp.net

Date: 8/4/2014

## 1473CV00891
### Makuch, Colleen vs. Pepsico Inc

| | | | |
|---|---|---|---|
| **CASE TYPE:** | Contract / Business Cases | **FILE DATE:** | 08/25/2014 |
| **ACTION CODE:** | A99 | **CASE TRACK:** | F - Fast Track |
| **DESCRIPTION:** | Other Contract Action | | |
| **CASE DISPOSITION DATE** | | **CASE STATUS:** | Open |
| **CASE DISPOSITION:** | Pending | **STATUS DATE:** | 08/25/2014 |
| **CASE JUDGE:** | | **CASE SESSION:** | |

### LINKED CASE

### DCM TRACK

| Tickler Description | Due Date | Completion Date |
|---|---|---|
| Service | 11/24/2014 | |
| Answer | 12/23/2014 | |
| Rule 12/19/20 Served By | 12/23/2014 | |
| Rule 12/19/20 Filed By | 01/22/2015 | |
| Rule 12/19/20 Heard By | 02/23/2015 | |
| Rule 15 Served By | 12/23/2014 | |
| Rule 15 Filed By | 01/22/2015 | |
| Rule 15 Heard By | 02/23/2015 | |
| Discovery | 06/22/2015 | |
| Rule 56 Served By | 07/21/2015 | |
| Rule 56 Filed By | 08/20/2015 | |
| Final Pre-Trial Conference | 12/18/2015 | |
| Judgment | 06/15/2016 | |

### PARTIES

| | |
|---|---|
| **Plaintiff**<br>Makuch, Colleen A | **Private Counsel** 550523<br>Edward W. Pietnik<br>Edward W. Pietnik, Jr., P.C.<br>Edward W. Pietnik, Jr., P.C.<br>180 Paramount Drive<br>Suite 3<br>Raynham, MA 02767<br>Work Phone (508) 824-2000<br>Added Date: 08/25/2014 |
| **Defendant**<br>Pepsico Inc | |